**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**In re:**

| | |
|---|---|
| **MATTHEW ERIN DAVIS,** | **BANKRUPTCY CASE NO.: 8:16-bk-09213-CPM** |
| **Debtor.** | **CHAPTER 7** |

**______________________/**

**STEPHEN L. MEININGER, as Chapter 7 Trustee of the estate of MATTHEW ERIN DAVIS,**

**Plaintiff,**

| | |
|---|---|
| **v.** | **ADVERSARY PROCEEDING NO.: _______________** |

**FLAGSTAR BANK, FSB, a savings association,**

**Defendant.**

**__________________________________/**

**COMPLAINT FOR UNLAWFUL DEBT COLLECTION PRACTICES AND TELEPHONE CONSUMER PROTECTION ACT VIOLATIONS**

**COMES NOW** Plaintiff, Stephen L. Meininger, the Chapter 7 Trustee of the bankruptcy estate of Matthew Erin Davis, by and through the undersigned law firm, and sues Defendant, Flagstar Bank, FSB, a savings association, and alleges as follows:

**PRELIMINARY STATEMENT**

1. On or about October 27, 2016 (the "Petition Date"), the Debtor, Matthew Erin Davis, filed a petition under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code"), currently pending in this Court.

2. Plaintiff brings this action pursuant to Fla. Stat. § 559.55 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA") and 47 U.S.C. § 227 *et seq.*, the Telephone Consumer Protection Act ("TCPA").

## JURISDICTION AND VENUE

3. The Court has jurisdiction and it is proper for this Court to hear this proceeding pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 157(b)(2)(O), and the standing Order of Reference of the United States District Court entered by Hon. Anne C. Conway on February 22, 2012, 12-MISC-26, Middle District of Florida, referring all Bankruptcy matters to United States Bankruptcy Court, Middle District of Florida.

## PARTIES

4. Plaintiff, Stephen L. Meininger ("Plaintiff" or "Trustee") is the Chapter 7 Trustee of the bankruptcy estate of Matthew Erin Davis ("Davis" or "Debtor"). Davis is a natural person resident in the City of Sarasota, County of Manatee, State of Florida, where the causes of action arose, and is a "consumer," as that term is defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(8), and is a "person" as provided by 47 U.S.C. § 227(b)(1) and under Fla. Stat. § 559.72.

5. Defendant, Flagstar Bank, FSB, a savings association, together with its collecting agents ("Defendant" or "Flagstar"), doing business in the State of Florida, is a "creditor" as that term is defined by 15 U.S.C. § 1692a(4) and Fla. Stat. § 559.55(5), and is a "person" as provided by 47 U.S.C. § 227(b)(1) and under Fla. Stat. § 559.72.

6. All conduct of Defendant alleged herein by Plaintiff was authorized, approved and/or ratified by one or more officers, directors, or managers of Defendant, and/or knew in advance that the Defendant was likely to conduct itself and allowed it to so act with conscious

disregard of the rights and safety of others. The conduct alleged herein was harassing, oppressive, abusive, and done knowingly with intent, with malice, and without cause.

7. The Defendant's communications set forth below were made only to exhaust the unpaying resisting Debtor's will in an attempt to break the Debtor and have Debtor pay amounts owed long after the Debtor was given all necessary information and persuasion and negotiation failed, as demonstrated by Debtor expressly or impliedly communicating to the Defendant to stop calling Debtor.

8. The Defendant's communications set forth below are wholly without excuse.

9. At all times mentioned herein, the agent(s) or employee(s) of Defendant acted within the course and scope of such agency or employment, and acted with the consent, permission and authorization of Defendant. Each such entity acted as a co-actor in an enterprise to unlawfully attempt to collect debts from Debtor.

## FACTUAL ALLEGATIONS

10. Debtor is alleged to owe debts (the "Alleged Debt"), including without limitation, debts on Schedule D of the Debtor's bankruptcy schedules Defendant was attempting to collect bearing account number ending 2606 in the amount of $112,396.00.

11. The Section 341 Meeting of the Creditors (the "341 Hearing") for the pending bankruptcy was held on December 1, 2016.

12. Defendant made multiple Collection Calls on multiple days, in multiple weeks, over multiple months, including without limitation from October 1, 2015 through October 26, 2016 (the "Collection Calls") to Debtor attempting to collect the Alleged Debt.

13. It was the substance of the testimony of the Debtor, <u>sworn</u> <u>and</u> <u>under</u> <u>oath</u> at the 341 Hearing, that:

a) Defendant made a Collection Call to Debtor's cell phone three to five days each week.

b) Defendant made Collection Calls to Debtor's cell phone after Debtor told Defendant that Debtor could not pay the Alleged Debt.

14. Defendant (1) made multiple Collection Calls on multiple days, in multiple weeks, over multiple months, including without limitation from October 1, 2015 through October 26, 2016 to Debtor attempting to collect the Alleged Debt; (2) made a Collection Call to Debtor's cell phone three to five days each week; and (3) made Collection Calls to Debtor's cell phone after Debtor told Defendant that Debtor could not pay the Alleged Debt.

## COUNT I

## VIOLATION OF THE FLORIDA CONSUMER COLLECTIONS PRACTICES ACT, FLA. STAT. § 559.55 *et seq.* AS TO DEFENDANT FLAGSTAR

15. This is an action against Defendant for violations of Fla. Stat. § 559.55 *et seq*.

16. Plaintiff realleges and incorporates paragraphs 1 through 14, as if fully set forth herein.

17. Defendant is engaged in the business of soliciting consumers for debts and collecting consumer debts and is, therefore, subject to Fla. Stat. §559.55 *et seq*.

18. The Alleged Debt is a "debt" as defined by Fla. Stat. § 559.55(6).

19. Defendant communicated certain information to Debtor, as set forth in the above Factual Allegation paragraphs, which constitutes "communication," as defined by Fla. Stat. § 559.55(2).

20. Fla. Stat. § 559.72 (7) provides, in pertinent part:

In collecting consumer debts, no person shall:

> (7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

21. Defendant violated Fla. Stat. § 559.72(7) when Defendant (1) made multiple Collection Calls on multiple days, in multiple weeks, over multiple months, including without limitation from October 1, 2015 through October 26, 2016 to Debtor attempting to collect the Alleged Debt; (2) made a Collection Call to Debtor's cell phone three to five days each week; and (3) made Collection Calls to Debtor's cell phone after Debtor told Defendant that Debtor could not pay the Alleged Debt; all of which is a willful communication with the Debtor with such frequency that Defendant could reasonably expect such communication to harass Debtor, or which is a willful engagement by Defendant in other conduct, including violation of the TCPA, which could reasonably be expected to abuse or harass Debtor.

22. Fla. Stat. § 559.72 (9) provides, in pertinent part:

> In collecting consumer debts, no person shall:
>
> (9) … assert the existence of some other legal right when such person knows that the right does not exist.

23. Defendant violated Fla. Stat. § 559.72(9), second half, when Defendant (1) made multiple Collection Calls on multiple days, in multiple weeks, over multiple months, including without limitation from October 1, 2015 through October 26, 2016 to Debtor attempting to collect the Alleged Debt; (2) made a Collection Call to Debtor's cell phone three to five days each week; and (3) made Collection Calls to Debtor's cell phone after Debtor told Defendant that Debtor could not pay the Alleged Debt; all of which is an assertion of the existence of the legal right to attempt to collect the Alleged Debt, including by violations of the TCPA and by unfair

and deceptive practices, which are rights Defendant knows do not exist, in violation of the FCCPA including Fla. Stat. § 559.72(9), second half.

24. Plaintiff is aware that this Court's interpretation of Fla. Stat. § 559.72(9) differs from its own, but is including this allegation in order to preserve its appellate rights.

25. As a result of the above violations of the FCCPA, Debtor has been damaged including, but not limited to, mental anguish, despair, frustration, embarrassment, nervousness, anger, and loss of capacity to enjoy life and Defendant is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs pursuant to the FCCPA, Fla. Stat. § 559.77(2).

26. Based upon the willful, intentional, knowing, malicious, repetitive and continuous conduct of the Defendant as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

27. All conditions precedent to this action have occurred, have been satisfied or have been waived.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against the Defendant finding that the Defendant violated the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary or appropriate.

## COUNT II

## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *et seq.* AS TO DEFENDANT FLAGSTAR

28. This is an action against Defendant for violations of 47 U.S.C. § 227 *et seq*.

29. Plaintiff re-alleges and reincorporates paragraphs 1 through 14, as if fully set forth here-in.

30. Defendant, in the conduct of its business, uses an automatic telephone dialing system as defined by 47 U.S.C. § 227(a)(1)(A) to communicate with Debtor.

31. Section 47 U.S.C. § 227(b)(1)(A)(iii) provides in pertinent part:

> It shall be unlawful for any person within the United States --
>
> (A) to make any call . . . using any automatic telephone system or an artificial or prerecorded voice --
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

32. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) when Defendant (1) made multiple Collection Calls on multiple days, in multiple weeks, over multiple months, including without limitation from October 1, 2015 through October 26, 2016 to Debtor attempting to collect the Alleged Debt; (2) made a Collection Call to Debtor's cell phone three to five days each week; and (3) made Collection Calls to Debtor's cell phone after Debtor told Defendant that Debtor could not pay the Alleged Debt; which is Defendant's use of an automatic telephone dialing system to make multiple Collection Calls to Debtor on Debtor's personal cell phone.

33. Defendant willfully, knowingly, and intentionally made multiple Collection Calls to Debtor's personal cell phone utilizing an automatic telephone dialing system.

34. All conditions precedent to this action have occurred, have been satisfied or have been waived.

35. As a result of the above violation of the TCPA, Defendant is liable to Plaintiff for actual damages, or the amount of $500.00 as damages for each violation, whichever is greater, pursuant to the TCPA, 47 U.S.C. § 227(b)(3)(B).

36. Based upon the willful, knowing, and intentional conduct of the Defendant as described herein, Plaintiff is also entitled to an increase in the amount of the award to treble the damages amount available under 47 U.S.C. § 227(b)(3)(B), in accordance with 47 U.S.C. § 227(b)(3).

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against the Defendant: (1) finding Defendant violated the TCPA; (2) awarding Plaintiff actual damages or the amount of $500.00 in damages for each violation, whichever is greater; (3) finding Defendant willfully, knowingly and intentionally violated 47 U.S.C. § 227 *et seq.* and increasing the damages award to treble the amount of damages otherwise to be entered as a judgment; and (4) awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

Dated: April 17, 2017

Respectfully Submitted,

**LASH WILCOX & GRACE PL**
4950 W. Kennedy Blvd., Suite 320
Tampa, FL 33609
Phone: 813.289.3200
Facsimile: 813.289.3250

_/s/ Thomas A. Lash

**THOMAS A. LASH, ESQ.**
Florida Bar No. 849944
e-mail: tlash@lashandwilcox.com
Attorney for the Trustee